UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| STEVEN KRAWATSKY | * | |
| 3119 Northbrook Road | * | |
| Baltimore, MD 21208 | * | |
| | * | |
| and | * | |
| | * | |
| SHIRA KRAWATSKY | * | |
| 3119 Northbrook Road | * | |
| Baltimore, MD 21208 | * | |
| | * | |
| v. | * | Civil No.: |
| | * | |
| RACHEL AVRUNIN | * | |
| 1086 Burton Drive, NE | * | |
| Atlanta, GA 30329-4012 | * | |
| | * | |
| and | * | |
| | * | |
| JOEL AVRUNIN | * | |
| 1086 Burton Drive, NE | * | |
| Atlanta, GA 30329-4012 | * | |
| | * | |
| and | * | |
| | * | |
| SHARON AVRUNIN-BECKER | * | |
| 11503 Toulone Drive | * | |
| Potomac, MD 20854 | * | |
| | * | |
| and | * | |
| | * | |
| SCOTT BECKER | * | |
| 11503 Toulone Drive | * | |
| Potomac, MD 20854 | * | |
| | * | |
| and | * | |
| | * | |
| CHAIM LEVIN | * | |
| 420 Crown Street | * | |
| Brooklyn, NY 11225-3006 | * | |
| | * | |
| Defendants. | * | |

*****************************************************************************

<u>COMPLAINT</u>

COME NOW the Plaintiffs, Steven Krawatsky and Shira Krawatsky, and sue the Defendants, Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin, and for cause state as follows:

1.      Plaintiffs, Steven Krawatsky and Shira Krawatsky, are individuals who are residents of Baltimore County, Maryland.

2.      Defendants, Rachel Avrunin and Joel Avrunin, are individuals who are residents of DeKalb County, Georgia.

3.      Defendants, Sharon Avrunin-Becker and Scott Becker, are individuals who are residents of Montgomery County, Maryland.

4.      Defendant, Chaim Levin, is an individual who is a resident of Brooklyn, New York.

5.      Jurisdiction is proper with this Court due to the diversity of citizenship of the parties, who reside in Maryland, Georgia, and New York, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00)

<u>FACTS IN COMMON TO ALL COUNTS</u>

6.      Plaintiff, Steven Krawatsky (herein also referred to as "Rabbi K"), is 40 years old, is married to Plaintiff, Shira Krawatsky, and has four children.

7.      Plaintiff, Shira Krawatsky (herein also referred to as "Mrs. K"), is 37 years old, is married to Rabbi K, and is the mother of their four children.

8.      Rabbi K has been a teacher for 19 years.  Until recently, he was a middle school teacher at Beth Tfiloh Dahan Community School in Pikesville, Baltimore County, Maryland.  He had been teaching at Beth Tfiloh Dahan Community School for almost 15 years.

9.      From 2010 to 2015, Rabbi K was also a head counselor at Camp Shoresh, a summer camp for children in Adamstown, Frederick County, Maryland.

10.      Rabbi K has been a highly loved and respected teacher, counselor, and tutor for many years.  Until the summer of 2015, there had never been any allegation made that he had harmed a child in any way and, except claims made as set forth herein, there have not been any such claims made since.

11.      Defendants, Rachel Avrunin and Joel Avrunin, are the parents of four children, one of whom is a boy (herein referred to as "Boy BA"), who attended Camp Shoresh from June 22, 2015 through July 17, 2015.  Boy BA was in Rabbi K's division of over 300 campers at Camp Shoresh during that camp session.

12.      Defendants, Sharon Avrunin-Becker and Scott Becker, are the parents of two children, one of whom is a boy (herein referred to as "Boy SB").  Defendant Joel Avrunin and Defendant Sharon Avrunin-Becker are related.  They are brother and sister.  Boy SB and Boy BA are first cousins.

13.      Boy SB also attended Camp Shoresh in the summers of 2014 and 2015.

14.      On or about August 13, 2015, Boy BA made an allegation of sexual abuse by Rabbi K to his parents, Defendants Rachel Avrunin and Joel Avrunin.  All three of the individuals whom the child said were present during the alleged abuse denied said acts ever occurred.

15.     Said allegation was reported by Defendant Joel Avrunin to the head of Camp Shoresh, Rabbi David Finkelstein.

16.     Shortly thereafter, Boy BA's allegation was brought to the attention of the Frederick County Sheriff's Office and the Frederick County Department of Social Services.

17.     Rabbi K was interviewed by personnel at the Frederick County Sheriff's Office and the Frederick County Department of Social Services in early September of 2015.  Rabbi K flatly denied the allegations made by Boy BA and Rabbi K agreed to submit to a polygraph examination, or "lie detector" test, without hesitation.  The result of said test was that Rabbi K showed no deception and he passed the test without question.

18.     As a result of their investigation, the Frederick County Sheriff's Office declined to pursue any charges against Rabbi K.

19.     Despite the findings of the Frederick County Sheriff's Office, Defendants Rachel Avrunin and Joel Avrunin have continued to insist that their son was sexually abused by Rabbi K.

20.     In the ensuing months of 2015, Defendants Rachel Avrunin and Joel Avrunin engaged in a calculated and coordinated campaign to destroy Rabbi K's reputation.

21.     Defendants Rachel Avrunin and Joel Avrunin's actions included, but are not limited to:

        a.     Contacting Rabbi K's employer, Beth Tfiloh, and demanding that he be fired, alleging that he molested their child;

        b.     Contacting personnel at Camp Shoresh and demanding that Rabbi K be fired, alleging that he molested their child;

     c.     Contacting Rabbi K's synagogue and demanding that he be excluded from worshipping there, alleging that he molested their child;

     d.     Contacting the community center where Rabbi K socializes and demanding that he be barred from the premises, alleging that he molested their child;

     e.     Contacting local publications in the Baltimore Metropolitan area and demanding that they publish an article alleging that Rabbi K molested their child;

     f.     Telling numerous people in the community that Rabbi K molested their child;

     g.     Threatening individuals who were supporting Rabbi K;

     h.     Telling people that Rabbi K plea bargained a criminal case; and

     i.     Telling people that Rabbi K was placed on a five year sex offender registry.

22.     On or about April 4, 2016, Rabbi K, through counsel, demanded that Defendants Rachel Avrunin and Joel Avrunin cease and desist from their calculated and coordinated campaign to destroy Rabbi K's reputation and ability to earn a living.  Despite said demand, Defendants Rachel Avrunin and Joel Avrunin have continued their efforts in this regard, up to the filing of this Complaint.

23.     In the latter part of 2016, Boy SB alleged that he was sexually abused by Rabbi K at Camp Shoresh.  The six other individuals that Boy SB said were present during the alleged acts of abuse were either unidentified or denied that any acts of abuse ever occurred.

24.     Said allegation was reported to the Frederick County Sheriff's Office and the Frederick County Department of Social Services.  The Frederick County Sheriff's Office investigated the allegations made by Boy SB and declined to file any charges against Rabbi K.

25.     Upon information and belief, despite the findings of the Frederick County Sheriff's Office, Defendants Sharon Avrunin-Becker and Scott Becker have joined the efforts of Defendants Rachel Avrunin and Joel Avrunin to damage Rabbi K and destroy his reputation and ability to earn a living.

26.     Upon information and belief, Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker have been in contact with Defendant Chaim Levin (herein referred to as "Levin").

27.     As a result of that contact, Levin has undertaken a deliberate and coordinated campaign on social media and the internet to damage Rabbi K, and to destroy his reputation and ability to earn a living.

28.     On or about November 10, 2017, Levin posted a message on his Facebook page stating "Baltimore public safety announcement! Rabbi Shmuel Krawatsky aka Rabbi K, a current teacher at Beth Tfiloh and Youth Director at Suburban Orthodox is EXTREMELY DANGEROUS! He is alleged to have inflicted severe harm on multiple children.  Please share widely and keep you children safe from this person! More details about this case will be forthcoming but I feel obligated to go on record and say that not only have many 'good people' and 'good organizations' known about this dangerous man, but they actively did NOTHING. The organizations that you rely on to protect your children completely messed up this case and

failed the parents of these victims on every level possible.  If you have any info on Rabbi K or believe your son was harmed, please contact Baltimore PD asap!"

29.     Levin also secured websites in the name of Rabbi K, including www.shmuelkrawatsky.com, www.shmuelkrawatsky.info, www.rabbishmuelkrawatsky.com, www.rabbishmuelkrawatsky.info, www.rabbikrawatsky.com, and www.rabbikrawatsky.info. When those sites are accessed, the information that comes up concerns the false allegations of sexual abuse of the aforementioned children.

30.     Defendants Rachel Avrunin and Joel Avrunin have also attempted to convince media outlets to do a story on Rabbi K and the false allegations of sexual abuse.  Said efforts were unsuccessful until The New York Jewish Week, published by The Jewish Week, Inc. t/a Jewish Week Media Group, ran an article on January 17, 2018 repeating the false allegations that Rabbi K sexually abused children and embellishing on them.

### COUNT I - DEFAMATION - MALICE (Defendant Chaim Levin)

31.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 31 as if fully stated herein.

32.     As set forth herein, Defendant Chaim Levin made defamatory statements to third parties regarding Rabbi K.

33.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

34.     Defendant Chaim Levin made said statements with malice.

35.     Said statements were false.

36.     Defendant Chaim Levin is legally at fault in making said statements.

37.      Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

38.      Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT II - DEFAMATION - NEGLIGENCE (Defendant Chaim Levin)</u>

39.      Plaintiffs incorporate paragraphs 1 through 30 as paragraph 39 as if fully stated herein.

40.      As set forth herein, Defendant Chaim Levin made defamatory statements to third parties regarding Rabbi K.

41.      Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

42.      Defendant Chaim Levin made said statements negligently.

43.      Said statements were false.

44.      Defendant Chaim Levin is legally at fault in making said statements.

45.      Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

46.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

<u>COUNT III - DEFAMATION - MALICE (Defendant Rachel Avrunin)</u>

47.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 47 as if fully stated herein.

48.     As set forth herein, Defendant Rachel Avrunin made defamatory statements to third parties regarding Rabbi K.

49.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

50.     Defendant Rachel Avrunin made said statements with malice.

51.     Said statements were false.

52.     Defendant Rachel Avrunin is legally at fault in making said statements.

53.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

54.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT IV - DEFAMATION - NEGLIGENCE (Defendant Rachel Avrunin)</u>

55.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 55 as if fully stated herein.

56.    As set forth herein, Defendant Rachel Avrunin made defamatory statements to third parties regarding Rabbi K.

57.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

58.    Defendant Rachel Avrunin made said statements negligently.

59.    Said statements were false.

60.    Defendant Rachel Avrunin is legally at fault in making said statements.

61.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

62.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT V - DEFAMATION - MALICE (Defendant Joel Avrunin)

63.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 63 as if fully stated herein.

64.     As set forth herein, Defendant Joel Avrunin made defamatory statements to third parties regarding Rabbi K.

65.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

66.     Defendant Joel Avrunin made said statements with malice.

67.     Said statements were false.

68.     Defendant Joel Avrunin is legally at fault in making said statements.

69.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

70.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT VI - DEFAMATION - NEGLIGENCE (Defendant Joel Avrunin)

71.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 71 as if fully stated herein.

72.     As set forth herein, Defendant Joel Avrunin made defamatory statements to third parties regarding Rabbi K.

73.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

74.     Defendant Joel Avrunin made said statements negligently.

75.     Said statements were false.

76.     Defendant Joel Avrunin is legally at fault in making said statements.

77.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

78.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT VII - CONSPIRACY TO COMMIT DEFAMATION - MALICE (Defendant Sharon Avrunin-Becker)

79.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 79 as if fully stated herein.

80.     As set forth herein, Defendant Sharon Avrunin-Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

81.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

82.     Defendant Sharon Avrunin-Becker made said statements with malice.

83.     Said statements were false.

84.     Defendant Sharon Avrunin-Becker is legally at fault in making said statements.

85.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Sharon Avrunin-Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

86.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

COUNT VIII - CONSPIRACY TO COMMIT DEFAMATION - NEGLIGENCE (Defendant Sharon Avrunin-Becker)

87.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 87 as if fully stated herein.

88.     As set forth herein, Defendant Sharon Avrunin-Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

89.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

90.     Defendant Sharon Avrunin-Becker made said statements negligently.

91.     Said statements were false.

92.     Defendant Sharon Avrunin-Becker is legally at fault in making said statements.

93.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Sharon Avrunin-Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

94.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT IX - CONSPIRACY TO COMMIT DEFAMATION - MALICE (Defendant Scott Becker)

95.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 95 as if fully stated herein.

96.     As set forth herein, Defendant Scott Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

97.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

98.     Defendant Scott Becker made said statements with malice.

99.     Said statements were false.

100.     Defendant Scott Becker is legally at fault in making said statements.

101.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Scott Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

102.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT X - CONSPIRACY TO COMMIT DEFAMATION - NEGLIGENCE (Defendant Scott Becker)

103.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 103 as if fully stated herein.

104.     As set forth herein, Defendant Scott Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

105.     Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

106.     Defendant Scott Becker made said statements negligently.

107.     Said statements were false.

108.     Defendant Scott Becker is legally at fault in making said statements.

109.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Scott Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

110.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

<u>COUNT XI - CONSPIRACY TO COMMIT DEFAMATION - MALICE (Defendant Rachel Avrunin)</u>

111.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 111 as if fully stated herein.

112.    As set forth herein, Defendant Rachel Avrunin conspired with Defendants Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

113.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

114.    Defendant Rachel Avrunin made said statements with malice.

115.    Said statements were false.

116.    Defendant Rachel Avrunin is legally at fault in making said statements.

117.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

118.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT XII - CONSPIRACY TO COMMIT DEFAMATION - NEGLIGENCE (Defendant Rachel Avrunin)</u>

119.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 119 as if fully stated herein.

120.    As set forth herein, Defendant Rachel Avrunin conspired with Defendants Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

121.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

122.    Defendant Rachel Avrunin made said statements negligently.

123.    Said statements were false.

124.    Defendant Rachel Avrunin is legally at fault in making said statements.

125.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

126.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XIII - CONSPIRACY TO COMMIT DEFAMATION - MALICE (Defendant Joel Avrunin)

127.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 127 as if fully stated herein.

128.    As set forth herein, Defendant Joel Avrunin conspired with Defendants Rachel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

129.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

130.    Defendant Joel Avrunin made said statements with malice.

131.    Said statements were false.

132.    Defendant Joel Avrunin is legally at fault in making said statements.

133.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

134.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT XIV - CONSPIRACY TO COMMIT DEFAMATION - NEGLIGENCE (Defendant Joel Avrunin)</u>

135.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 135 as if fully stated herein.

136.    As set forth herein, Defendant Joel Avrunin conspired with Defendants Rachel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to publish defamatory statements to third parties regarding Rabbi K.

137.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

138.    Defendant Joel Avrunin made said statements negligently.

139.    Said statements were false.

140.    Defendant Joel Avrunin is legally at fault in making said statements.

141.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

142.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XV - CONSPIRACY TO COMMIT DEFAMATION - MALICE (Defendant Chaim Levin)

143.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 143 as if fully stated herein.

144.    As set forth herein, Defendant Chaim Levin conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker to publish defamatory statements to third parties regarding Rabbi K.

145.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

146.    Defendant Chaim Levin made said statements with malice.

147.    Said statements were false.

148.    Defendant Chaim Levin is legally at fault in making said statements.

149.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

150.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XVI - CONSPIRACY TO COMMIT DEFAMATION - NEGLIGENCE (Defendant Chaim Levin)

151.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 151 as if fully stated herein.

152.    As set forth herein, Defendant Chaim Levin conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker to publish defamatory statements to third parties regarding Rabbi K.

153.    Said statements were defamatory *per se* in that the words themselves impute the defamatory character.

154.    Defendant Chaim Levin made said statements negligently.

155.    Said statements were false.

156.    Defendant Chaim Levin is legally at fault in making said statements.

157.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

158.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XVII - INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Chaim Levin)

159.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 159 as if fully stated herein.

160.     Defendant Chaim Levin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

161.     The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

162.     Defendant Chaim Levin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

163.     Defendant Chaim Levin made such statements with actual malice.

164.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

165.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XVIII - INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Chaim Levin)

166.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 166 as if fully stated herein.

167.    Defendant Chaim Levin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

168.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

169.    Defendant Chaim Levin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

170.    Defendant Chaim Levin made such statements negligently.

171.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

172.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XIX - INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Rachel Avrunin)

173.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 173 as if fully stated herein.

174.    Defendant Rachel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

175.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

176.    Defendant Rachel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

177.    Defendant Rachel Avrunin made such statements with actual malice.

178.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

179.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT XX - INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Rachel</u>
<u>Avrunin)</u>

180.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 180 as if fully stated herein.

181.    Defendant Rachel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

182.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

183.    Defendant Rachel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

184.    Defendant Rachel Avrunin made such statements negligently.

185.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

186.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

<u>COUNT XXI - INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Joel</u>
<u>Avrunin)</u>

187.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 187 as if fully stated herein.

188.    Defendant Joel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

189.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

190.    Defendant Joel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

191.    Defendant Joel Avrunin made such statements with actual malice.

192.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

193.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XXII - INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Joel Avrunin)

194.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 194 as if fully stated herein.

195.    Defendant Joel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

196.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

197.    Defendant Joel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

198.    Defendant Joel Avrunin made such statements negligently.

199.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

200.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXIII - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Sharon Avrunin-Becker)

201.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 201 as if fully stated herein.

202.    Defendant Sharon Avrunin-Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

203.    Defendant Sharon Avrunin-Becker gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

204.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

205.    Defendant Sharon Avrunin-Becker had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

206.    Defendant Sharon Avrunin-Becker made such statements with actual malice.

207.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Sharon Avrunin-Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

208.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

COUNT XXIV - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Sharon Avrunin-Becker)

209.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 209 as if fully stated herein.

210.    Defendant Sharon Avrunin-Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

211.    Defendant Sharon Avrunin-Becker gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

212.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

213.    Defendant Sharon Avrunin-Becker had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

214.    Defendant Sharon Avrunin-Becker made such statements negligently.

215.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Sharon Avrunin-Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

216.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXV - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Scott Becker)

217.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 217 as if fully stated herein.

218.    Defendant Scott Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Chaim Levin to place Rabbi K before the public in a false light.

219.    Defendant Scott Becker gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

220.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

221.    Defendant Scott Becker had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

222.    Defendant Scott Becker made such statements with actual malice.

223.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Scott Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

224.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT XXVI - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Scott Becker)</u>

225.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 224 as if fully stated herein.

226.    Defendant Scott Becker conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Chaim Levin to place Rabbi K before the public in a false light.

227.    Defendant Scott Becker gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

228.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

229.    Defendant Scott Becker had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

230.    Defendant Scott Becker made such statements negligently.

231.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Scott Becker's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

232.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXVII - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Rachel Avrunin)

233.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 233 as if fully stated herein.

234.    Defendant Rachel Avrunin conspired with Defendants Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

235.   Defendant Rachel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

236.   The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

237.   Defendant Rachel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

238.   Defendant Rachel Avrunin made such statements with actual malice.

239.   Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

240.   Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

COUNT XXVIII - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Rachel Avrunin)

241.   Plaintiffs incorporate paragraphs 1 through 30 as paragraph 241 as if fully stated herein.

242.   Defendant Rachel Avrunin conspired with Defendants Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

243.    Defendant Rachel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

244.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

245.    Defendant Rachel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

246.    Defendant Rachel Avrunin made such statements negligently.

247.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

248.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXIX - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Joel Avrunin)

249.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 249 as if fully stated herein.

250.    Defendant Joel Avrunin conspired with Defendants Rachel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

251.    Defendant Joel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

252.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

253.    Defendant Joel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

254.    Defendant Joel Avrunin made such statements with actual malice.

255.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

256.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XXX - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Joel Avrunin)

257.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 257 as if fully stated herein.

258.    Defendant Joel Avrunin conspired with Defendants Joel Avrunin, Sharon Avrunin-Becker, Scott Becker, and Chaim Levin to place Rabbi K before the public in a false light.

259.    Defendant Joel Avrunin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

260.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

261.    Defendant Joel Avrunin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

262.    Defendant Joel Avrunin made such statements negligently.

263.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

264.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXI - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - MALICE (Defendant Chaim Levin)

265.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 265 as if fully stated herein.

266.    Defendant Chaim Levin conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker, to place Rabbi K before the public in a false light.

267.     Defendant Chaim Levin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

268.     The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

269.     Defendant Chaim Levin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

270.     Defendant Chaim Levin made such statements with actual malice.

271.     Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

272.     Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

<u>COUNT XXXII - CONSPIRACY TO COMMIT INVASION OF PRIVACY - FALSE LIGHT - NEGLIGENCE (Defendant Chaim Levin)</u>

273.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 273 as if fully stated herein.

274.     Defendant Chaim Levin conspired with Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker, to place Rabbi K before the public in a false light.

Page 36 of  55

275.    Defendant Chaim Levin gave publicity to a matter concerning Rabbi K that places Rabbi K before the public in a false light.

276.    The false light in which Rabbi K was placed would be highly offensive to a reasonable person.

277.    Defendant Chaim Levin had knowledge of or acted in reckless disregard as to the falsity of the publicized statements and the false light in which Rabbi K would be placed.

278.    Defendant Chaim Levin made such statements negligently.

279.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Chaim Levin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

280.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXIII - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Defendant Rachel Avrunin)

281.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 281 as if fully stated herein.

282.    Rabbi K had a contract to teach middle school at Beth Tfiloh Dahan Community School.

283.    Defendant Rachel Avrunin knew about the existence of said contract.

284.    Defendant Rachel Avrunin's intentional and improper statements made it impossible for Beth Tfiloh Dahan Community School to perform under the contract.

285.    Beth Tfiloh Dahan Community School was unable to perform the contract.

286.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

287.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXIV - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Defendant Rachel Avrunin)

288.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 288 as if fully stated herein.

289.    Rabbi K had a contract as to be a counselor at Camp Shoresh.

290.    Defendant Rachel Avrunin knew about the existence of said contract.

291.    Defendant Rachel Avrunin's intentional and improper statements made it impossible for Camp Shoresh to perform under the contract.

292.    Camp Shoresh was unable to perform the contract.

293.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

294.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXV - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Defendant Joel Avrunin)

295.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 295 as if fully stated herein.

296.    Rabbi K had a contract to teach middle school at Beth Tfiloh Dahan Community School.

297.    Defendant Joel Avrunin knew about the existence of said contract.

298.    Defendant Joel Avrunin's intentional and improper statements made it impossible for Beth Tfiloh Dahan Community School to perform under the contract.

299.    Beth Tfiloh Dahan Community School was unable to perform the contract.

300.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

301.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXVI - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Defendant Joel Avrunin)

302.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 302 as if fully stated herein.

303.    Rabbi K had a contract as to be a counselor at Camp Shoresh.

304.    Defendant Joel Avrunin knew about the existence of said contract.

305.    Defendant Joel Avrunin's intentional and improper statements made it impossible for Camp Shoresh to perform under the contract.

306.    Camp Shoresh was unable to perform the contract.

307.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions.  Said damages include out-of-pocket losses as well as non-economic damages.

308.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXVII - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS
### (Defendant Rachel Avrunin)

309.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 309 as if fully stated herein.

310.    Defendant Rachel Avrunin's statements and actions were intentional and willful.

311.    Defendant Rachel Avrunin's statements and actions were calculated to cause damage to Rabbi K in a loss of his business.

312.    Defendant Rachel Avrunin's statements and actions were committed with the unlawful and/or improper purpose to cause such damage, without justification.

313.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Rachel Avrunin's actions and statements.  Said damages include out-of-pocket losses as well as non-economic damages.

314.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

## COUNT XXXVIII - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS
### (Defendant Joel Avrunin)

315.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 315 as if fully stated herein.

316.    Defendant Joel Avrunin's statements and actions were intentional and willful.

317.    Defendant Joel Avrunin's statements and actions were calculated to cause damage to Rabbi K in a loss of his business.

318.    Defendant Joel Avrunin's statements and actions were committed with the unlawful and/or improper purpose to cause such damage, without justification.

319.    Plaintiff Rabbi K has thereby suffered damages as a direct and proximate cause from Defendant Joel Avrunin's actions and statements.  Said damages include out-of-pocket losses as well as non-economic damages.

320.    Plaintiff Rabbi K has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffering.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

<u>COUNT XXXIX - LOSS OF CONSORTIUM (Defendant Chaim Levin)</u>

321.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 321 as if fully stated herein.

322.    As a result of Defendant Chaim Levin's actions, Mrs. K has suffered injury to the marital relationship involving loss of society, affection, conjugal fellowship, and/or impairment of sexual relations.

323.    Said injury was the direct and proximate result of Defendant Chaim Levin's actions.

WHEREFORE, Plaintiff Mrs. K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XL - LOSS OF CONSORTIUM (Defendant Rachel Avrunin)

324.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 324 as if fully stated herein.

325.    As a result of Defendant Rachel Avrunin's actions, Mrs. K has suffered injury to the marital relationship involving loss of society, affection, conjugal fellowship, and/or impairment of sexual relations.

326.    Said injury was the direct and proximate result of Defendant Rachel Avrunin's actions.

WHEREFORE, Plaintiff Mrs. K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XLI - LOSS OF CONSORTIUM (Defendant Joel Avrunin)

327.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 327 as if fully stated herein.

328.    As a result of Defendant Joel Avrunin's actions, Mrs. K has suffered injury to the marital relationship involving loss of society, affection, conjugal fellowship, and/or impairment of sexual relations.

329.    Said injury was the direct and proximate result of Defendant Joel Avrunin's actions.

WHEREFORE, Plaintiff Mrs. K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XLII - LOSS OF CONSORTIUM (Defendant Sharon Avrunin-Becker)

330.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 330 as if fully stated herein.

331.    As a result of Defendant Sharon Avrunin-Becker's actions, Mrs. K has suffered injury to the marital relationship involving loss of society, affection, conjugal fellowship, and/or impairment of sexual relations.

332.    Said injury was the direct and proximate result of Defendant Sharon Avrunin-Becker's actions.

WHEREFORE, Plaintiff Mrs. K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XLIII - LOSS OF CONSORTIUM (Defendant Scott Becker)

333.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 333 as if fully stated herein.

334.    As a result of Defendant Scott Becker's actions, Mrs. K has suffered injury to the marital relationship involving loss of society, affection, conjugal fellowship, and/or impairment of sexual relations.

335.    Said injury was the direct and proximate result of Defendant Scott Becker's actions.

WHEREFORE, Plaintiff Mrs. K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT XLIV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Rachel Avrunin)

336.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 336 as if fully stated herein.

337.    Defendant Rachel Avrunin's conduct as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

338.    The aforesaid conduct by Defendant Rachel Avrunin was extreme and outrageous and beyond the bounds of decency in society.

339.    As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

### COUNT XLV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Joel Avrunin)

340.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 334 as if fully stated herein.

341.     Defendant Joel Avrunin's conduct as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

342.     The aforesaid conduct by Defendant Joel Avrunin was extreme and outrageous and beyond the bounds of decency in society.

343.     As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XLVI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Chaim Levin)

344.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 344 as if fully stated herein.

345.     Defendant Chaim Levin's conduct as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

346.     The aforesaid conduct by Defendant Chaim Levin was extreme and outrageous and beyond the bounds of decency in society.

347.     As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XLVII - CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Rachel Avrunin)

348.   Plaintiffs incorporate paragraphs 1 through 30 as paragraph 348 as if fully stated herein.

349.   Defendant Rachel Avrunin's conduct in conspiring with Defendant Joel Avrunin, Defendant Sharon Avrunin-Becker, Defendant Scott Becker, and Defendant Chaim Levin as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

350.   The aforesaid conduct by Defendant Rachel Avrunin was extreme and outrageous and beyond the bounds of decency in society.

351.   As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XLVIII - CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Joel Avrunin)

352.   Plaintiffs incorporate paragraphs 1 through 30 as paragraph 352 as if fully stated herein.

353.    Defendant Joel Avrunin's conduct in conspiring with Defendant Rachel Avrunin, Defendant Sharon Avrunin-Becker, Defendant Scott Becker, and Defendant Chaim Levin as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

354.    The aforesaid conduct by Defendant Joel Avrunin was extreme and outrageous and beyond the bounds of decency in society.

355.    As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT XLIX - CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Sharon Avrunin-Becker)

356.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 356 as if fully stated herein.

357.    Defendant Sharon Avrunin-Becker's conduct in conspiring with Defendant Rachel Avrunin, Defendant Joel Avrunin, Defendant Scott Becker, and Defendant Chaim Levin as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

358.    The aforesaid conduct by Defendant Sharon Avrunin-Becker was extreme and outrageous and beyond the bounds of decency in society.

359.     As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT L - CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Scott Becker)

360.     Plaintiffs incorporate paragraphs 1 through 30 as paragraph 360 as if fully stated herein.

361.     Defendant Scott Becker's conduct in conspiring with Defendant Rachel Avrunin, Defendant Joel Avrunin, Defendant Sharon Avrunin-Becker, and Defendant Chaim Levin as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

362.     The aforesaid conduct by Defendant Scott Becker was extreme and outrageous and beyond the bounds of decency in society.

363.     As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of Ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

## COUNT LI - CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Defendant Chaim Levin)

364.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 364 as if fully stated herein.

365.    Defendant Chaim Levin's conduct in conspiring with Defendant Rachel Avrunin, Defendant Joel Avrunin, Defendant Sharon Avrunin-Becker, and Defendant Scott Becker as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiffs.

366.    The aforesaid conduct by Defendant Chaim Levin was extreme and outrageous and beyond the bounds of decency in society.

367.    As a result of the aforesaid conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, in the amount of ten Million Dollars ($10,000,000.00) in punitive damages, plus costs, and interest.

COUNT LII - AIDING AND ABETTING (Defendant Rachel Avrunin)

368.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 368 as if fully stated herein.

369.    Defendant Chaim Levin defamed Rabbi K.

370.    Defendant Rachel Avrunin possessed actual knowledge of Defendant Chaim Levin's tortious and wrongful conduct.

371.    Defendant Rachel Avrunin aided, abetted, and encouraged Defendant Chaim Levin's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendant Chaim Levin in his defamation of Rabbi K.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Rachel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT LIII - AIDING AND ABETTING (Defendant Joel Avrunin)

372.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 372 as if fully stated herein.

373.    Defendant Chaim Levin defamed Rabbi K.

374.    Defendant Joel Avrunin possessed actual knowledge of Defendant Chaim Levin's tortious and wrongful conduct.

375.    Defendant Joel Avrunin aided, abetted, and encouraged Defendant Chaim Levin's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendant Chaim Levin in his defamation of Rabbi K.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Joel Avrunin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT LIV - AIDING AND ABETTING (Defendant Sharon Avrunin-Becker)

376.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 376 as if fully stated herein.

377.    Defendant Chaim Levin defamed Rabbi K.

378.    Defendant Sharon Avrunin-Becker possessed actual knowledge of Defendant Chaim Levin's tortious and wrongful conduct.

379.   Defendant Sharon Avrunin-Becker aided, abetted, and encouraged Defendant Chaim Levin's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendant Chaim Levin in his defamation of Rabbi K.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Sharon Avrunin-Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT LV - AIDING AND ABETTING (Defendant Scott Becker)

380.   Plaintiffs incorporate paragraphs 1 through 30 as paragraph 380 as if fully stated herein.

381.   Defendant Chaim Levin defamed Rabbi K.

382.   Defendant Scott Becker possessed actual knowledge of Defendant Chaim Levin's tortious and wrongful conduct.

383.   Defendant Scott Becker aided, abetted, and encouraged Defendant Chaim Levin's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendant Chaim Levin in his defamation of Rabbi K.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Scott Becker in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

### COUNT LVI - AIDING AND ABETTING (Defendant Chaim Levin)

384.   Plaintiffs incorporate paragraphs 1 through 30 as paragraph 384 as if fully stated herein.

385.    Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker defamed Rabbi K.

386.    Defendant Chaim Levin possessed actual knowledge of Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker's tortious and wrongful conduct.

387.    Defendant Chaim Levin aided, abetted, and encouraged Defendants Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendant Rachel Avrunin, Joel Avrunin, Sharon Avrunin-Becker, and Scott Becker in their defamation of Rabbi K.

WHEREFORE, Plaintiff Rabbi K demands judgment against Defendant Chaim Levin in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, plus costs, and interest.

COUNT LVII - TEMPORARY AND PERMANENT INJUNCTIVE RELIEF (All Defendants)

388.    Plaintiffs incorporate paragraphs 1 through 30 as paragraph 388 as if fully stated herein.

389.    Defendants have repeatedly defamed the Plaintiff, harassed Rabbi K and intentionally injured Rabbi K.

390.    Defendants will suffer no inconvenience by virtue of the issuance of an injunction.

391.    If Defendants are permitted to continue their defamatory and harassing actions, Rabbi K will continue to suffer great emotional distress and additional economic harm or damages.

392.     The benefits to Rabbi K in obtaining injunctive relief are equal to or outweigh the potential harm which Defendants would incur if this Court grants the requested injunctive relief. Defendants will suffer no inconvenience by virtue of the issuance of an injunction.  An injunction will simply enjoin Defendants from defaming and harassing Rabbi K.  Refusing to enforce an injunction, on the other hand, will result in additional emotional distress to Rabbi K. Certainly, the potential injury to Rabbi K is substantial in comparison to the impact that it would have on Defendants.

393.     The public interest is best served by granting the injunction.  The enforcement of an agreement not to defame and harass is in the public interest, and therefore, in favor of Rabbi K.  At the same time, there is no public interest in allowing Defendants to continue their harassment and defamation.

WHEREFORE, Plaintiffs respectfully request that this Court issue an Order enjoining Defendants from publishing any defamatory, derogatory, demeaning, or harassing information about Rabbi K so as to interfere with Plaintiffs' livelihood, peace and quiet, or enjoyment.

Respectfully submitted,

_____

CHRISTOPHER M. ROLLE (D.Md.# 06586)
Rolle & DeLorenzo
143 West Patrick Street
Frederick, MD 21701
301-698-4875
chris@rdlawfirm.com
Attorney for Plaintiffs

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

CHRISTOPHER M. ROLLE